IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| TONY WILLIAMS, | * | |
| ADC #106166, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:21-cv-00577-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Petitioner Tony Williams, an inmate at the Varner Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He challenges a prison disciplinary he received, claiming his due process rights were violated in the disciplinary hearing process. (*Id*.) Respondent Dexter Payne, Director of the Arkansas Division of Correction, counters that Mr. Williams's claims are not cognizable in habeas and also meritless. (Doc. No. 6.) After careful consideration of the Petition, Response, and Reply (Doc. No. 7), I find the Petition must be dismissed with prejudice.

**II.   FACTS**

The disciplinary at issue was filed by LPN Pamela Kay Armoster. In the Notice of Charges and in the corresponding Incident Report, Nurse Armoster stated she was conducting diabetic call in a barracks when she observed Mr. Williams "standing at the state phone nearest to the bull pen with his exposed erect penis in his right hand moving it in a back and forth manner while looking directly at me." (Doc. Nos. 1 at 16, 6-3 at 1, 3.) She stated she gave Mr. Williams

"a direct order to cease his actions to which he did not comply." (Doc. Nos. 1 at 16, 6-3 at 1, 3.) Nurse Armoster charged Mr. Williams with three rule violations: indecent exposure, failure to obey verbal and/or written order of staff, and insolence to a staff member. (Doc. No. 1 at 16.)

After a hearing, a disciplinary hearing officer found Mr. Williams guilty of each charge. (*Id*. at 19.) Mr. Williams was given sixty days' commissary, phone, and visitation restrictions and twenty days' punitive isolation, his good-time class was reduced from I-C to IV, and ninety days of earned good-time credit were forfeited. (*Id*., Doc. No. 6-4 at 2.) Mr. Williams administratively appealed to the warden, the disciplinary hearing administrator, and the Director; all three upheld the hearing officer's determination. (Doc. No. 6-4 at 3-5.)

### III. ANALYSIS

Mr. Williams claims his due process rights were violated in a number of ways. First, he points to another disciplinary issued on the same date, signed by Corporal Mahogony Godley, who escorted Nurse Armoster during her rounds and whose report of Mr. Williams's behavior mirrored Nurse Armoster's. (Doc. No. 1 at 15.) Mr. Williams says this initial disciplinary was fabricated and that, when the warden learned this, he dismissed Corporal Godley's disciplinary and made Nurse Armoster file her own "stating the same series of fictitious events." (*Id*. at 20-21.) Mr. Williams also claims the hearing officer was not impartial, as he was "hostile and antagonistic" and declined to hear Mr. Williams's entire statement. (*Id*. at 22.) Finally, Mr. Williams faults the hearing officer for failing to review surveillance video that Mr. Williams believes would have exonerated him.[1] (*Id*. at 24-25.) For the reasons that follow, Mr. Williams's claims do not warrant relief.

---

[1] The record includes a report by Lieutenant Tarrell McEwen, who stated he viewed the video footage but could not see what Mr. Williams was doing because of the camera angle. (Doc. No. 6-3 at 4-5.)

### A. Mr. Williams's Claims Are Not Cognizable in Habeas

A habeas corpus action is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ is "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, habeas corpus is "the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Id*. at 490. When a prisoner does not challenge the validity of his conviction or the length of his detention, a writ of habeas corpus is not the proper remedy. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). In this case, Mr. Williams seeks to have his disciplinary reversed and his punishment vacated. (Doc. No. 1 at 13.) But most of the sanctions imposed – including the commissary, phone, and visitation restrictions, punitive isolation time, and reduction in class – do not affect the length of his detention. His challenge to those sanctions is not cognizable in habeas.

Mr. Williams was also stripped of ninety days of accrued good-time credit, but this sanction likewise does not affect the length of his detention. In order to prevail on a Fourteenth Amendment due process claim, a claimant must first demonstrate he was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). In the prison setting, states may, under certain circumstances, create liberty interests protected by the Due Process Clause. *Id*. at 847 (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). But these interests are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to freedom from state actions that "inevitably affect the duration" of a prisoner's sentence. *Sandin*, 515 U.S. at 484, 487. Thus, although the Due Process Clause itself does not create a liberty interest in credit for good behavior, a state may create a liberty interest in a shortened prison sentence resulting from good-time credits. *Sandin*, 515 U.S. at 477-78 (citing *Wolff v. McDonnell*, 418

U.S. 539, 557 (1974)).  In Arkansas, the statute establishing good-time credit states "[m]eritorious good time will not be applied to reduce the length of a sentence," but instead impacts an inmate's "transfer eligibility date."  *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 729 (2006) (quoting Ark. Code Ann. § 12-29-201(d) and (e)(1)).  "As a result, Arkansas has not created a liberty interest in good time under the constitutional analysis in *Wolff*[.]"  *Id*. at 408-09.  Courts in the Eastern District of Arkansas have reached the same conclusion under federal law.  *See, e.g.*, *Anderson v. Payne*, Case No. 4:21-cv-00563-BRW-PSH, 2021 WL 4143731 (E.D. Ark. 2021), *report and recommendation adopted*, 2021 WL 4134372 (E.D. Ark. 2021); *Crockett v. Kelley*, Case No. 5:18-cv-00210-JM-JTR, 2019 WL 1590947 (E.D. Ark. 2019), *report and recommendation adopted*, 2019 WL 1590588 (E.D. Ark. 2019); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341 (E.D. Ark. 2014), *certificate of appealability denied*, Case No. 14-1930 (8th Cir. 2014).

While Mr. Williams has a liberty interest in release at the expiration of his sentence, he does not have a liberty interest in the possibility of conditional release prior to the expiration of his sentence.  *Roberts*, 2014 WL 1345341, at 3 (citing *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011)).  Thus, his challenge to the loss of earned good-time credit is not cognizable in habeas.

  **B.**  **Mr. Williams's Claims Are Meritless**

Even if Mr. Williams were able to demonstrate a liberty interest triggering due process protection, he received all the process that was due him.  In the context of prison disciplinaries, due process requires (1) advance written notice of the charges, (2) an opportunity to call witnesses and present evidence in defense, and (3) a written statement by the factfinder as to the evidence relied on and the reasons for the disciplinary action.  *Wolff*, 418 U.S. at 564-66.  Mr. Williams was provided written notice of the charges on December 9, 2020, in advance of the hearing on

December 11, 2020.[2] (Doc. No. 6-4 at 1-2.) Five witness statements were collected at Mr. Williams's request, and he gave a statement in his defense at the hearing. (Doc. No. 1 at 21-22.) And the disciplinary hearing officer entered a written statement explaining that he reviewed the witness statements but accepted the staff members' reports in finding that Mr. Williams "was insolent by indecently exposing his penis to staff and disobeyed an order to stop." (Doc. No. 6-4 at 2-3.)

Mr. Williams complains that the hearing officer cut his statement short, saying he only needed to hear about "what happened that day," and that he was not allowed to "request security [f]ootage as a witness." (Doc. No. 1 at 21, 24.) But "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority," given the "obvious potential" for disruption within a prison. *Wolff*, 418 U.S. at 566. Mr. Williams cannot demonstrate a violation of his due process rights by the fact that he was not permitted to speak at length or to access the prison's surveillance video.

Due process also requires that a prison disciplinary be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Determining the sufficiency of the evidence does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Id*. Instead, the relevant question is whether there is "any evidence in the record that could support the conclusion reached" by the hearing officer. *Id*. at 455-56. "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to

---

[2] Mr. Williams was given written notice of the first disciplinary on December 7, 2020. (Doc. No. 1 at 15.)

base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Here, Nurse Armoster's report legally sufficed as "some evidence" to support Mr. Williams's disciplinary.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Williams has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

### V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Williams's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 8th day of November 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE